UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
$\qquad$ *Plaintiff-Appellee,*

v.

JOHN MARK JOHNSON,
$\qquad$ *Defendant-Appellant.*

No. 02-4189

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-01-11)

Submitted: November 25, 2002

Decided: December 20, 2002

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Kyle King, Asheville, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian S. Cromwell, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

John Mark Johnson appeals his conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000) (count one), and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (2000) (count two). Johnson was convicted following a jury trial in the Western District Court of North Carolina and sentenced to ninety-seven months of imprisonment on count one and sixty months imprisonment on count two, to be served consecutively, followed by a three-year term of supervised release. On appeal, Johnson contends that there was insufficient evidence to find him guilty beyond a reasonable doubt on either count. Finding no reversible error, we affirm.

We must uphold Johnson's conviction on appeal if any rational trier of fact, when viewing the evidence in the light most favorable to the Government, could find the defendant guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). Johnson argues there was insufficient evidence that a conspiracy existed at the time of his arrest and that his drug conspiracy conviction should, therefore, be reversed. Johnson further argues that since there was insufficient evidence of a drug trafficking crime, his conviction for possessing a firearm during and in relation to a drug trafficking crime should also be reversed. We have reviewed the record and conclude that there was sufficient evidence to find that a conspiracy to possess with intent to distribute cocaine existed beginning in the fall of 1999 up until the time of Johnson's arrest. Furthermore, a .22 caliber Colt handgun was found in Johnson's possession at the time of his arrest, when he also had a distribution quantity of cocaine in his possession. This evidence is sufficient to support his convictions. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*